### Newark Fire Ins. Co. *v.* McMullen.*

(Division B. March 22, 1926.)

[107 So. 523. No. 25487.]

1. Insurance.
   If written notice of loss is waived, then under Code 1906, section 2593 (Hemingway's Code, section 5057), proof of loss is waived by failure to furnish blanks therefor.

2. Insurance.
   Evidence that insurer's agent was general agent, with authority to waive provision for written notice, *held* sufficient to go to jury.

3. Insurance. *Stipulated written notice of loss held waived by general agent's statement to insured.*
   Stipulated written notice of loss was waived by general agent telling insured that insurer knew of loss and had arranged with adjustment agency to adjust loss, and that its local agent would furnish blanks for proof of loss.

*Corpus Juris-Cyc. References: Fire Insurance, 26CJ, p. 375, n. 53; p 398, n. 83, 84; p. 560, n. 45; Insurance, 33CJ, p. 30, n. 84.

Appeal from circuit court of Newton county.
Hon. G. E. Wilson, Judge.
142 Miss.—24.

Action by F. T. McMullen against the Newark Fire Insurance Company. Judgment for plaintiff, and defendant appeals. Affirmed.

*Watkins, Watkins & Eager,* for appellant.

I. *The court erred in refusing the instruction directing the jury to return a verdict for appellant.* More than sixty days had elapsed between the date of the loss and the filing of the suit. The theory of appellee's case, in order to avoid that provision of the policy requiring proofs of loss, was that the provision was waived by virtue of the fact that appellee and his wife testified that they had been told by Mr. McKnight, special agent, that Mr. Graham would furnish blanks for proofs of loss and having failed to do so, the company waived this provision. The policy being a five-year policy, it is seen that immediately preceding the signature of appellee this closing sentence appears: "This company shall not be bound by any act done or statement made by or to any agent, or other person, which is not contained in this, my application."

Appellee was bound by the terms of the policy which he testified that he had in his possession; and having been put on notice when he executed the application as to the limited authority of the agent Graham, he was further put on notice by the terms of the policy itself that no officer, agent or other representative of the company had the power to waive any of the provisions or conditions of the policy unless endorsed thereon in writing.

The testimony shows that the only proof of loss attempted to be furnished by appellee was a sketch, or drawing, made by a carpenter of the house which was destroyed by fire. This sketch, or drawing, contained no additional information, nor was it signed by assured or even the carpenter, nor was it sworn to, nor did it contain the information required by the terms of the policy. This, we submit, is no compliance with the provisions of

the policy and entitled appellant to a directed instruction to find in its favor.

This court has often recognized and pointed out the distinction between a general agent with authority to make contracts of insurance and adjust losses, holding that such an agent can waive the provisions of the policy by word of mouth or by his actions and the company become bound thereby, and a mere soliciting agent who is limited in his authority, the company not being bound by any act on his part which goes beyond the scope of his limited agency. *Insurance Companies* v. *Sorsby et al.,* 60 Miss. 313. The court has re-affirmed its decision in the Sorsby case several times, reference being also made to *Liverpool, London & Globe Ins. Co.* v. *Van Os et al.,* 63 Miss. 441. Also, in respect to the proposition of waiver, see *New Orleans Ins. Ass'n* v. *Matthews,* 65 Miss. 301.

Therefore, we submit that the testimony of appellee is wholly insufficient, in the first place, to show any waiver on the part of either McKnight or the agent Graham of the provision of the policy requiring proofs of loss and, in addition to that fact, the testimony shows that these representatives of the company were wholly without authority to waive such provision of the policy, Mr. McKnight being a special agent and having nothing to do with this particular risk and not concerned with it in any manner, and the agent Graham being a mere soliciting agent without authority to change the terms of the policy.

II. *The court erred in granting instruction number one for appellee.* This instruction is fatally defective from beginning to end, for it submits to the jury for determination questions of fact unsupported by the evidence of the case. In the first place, the evidence does not show that appellee made application to any agent of the company for blanks for proofs of loss and, even admitting for sake of argument that he did, the only request that could have been made under any construction placed upon the testimony was that made to the solic-

iting agent Graham, and he was not even the soliciting agent of the company after May 8, 1925, and at no time did he have the authority to waive the provision of the policy requiring proofs of loss and this appellee well knew.

Said instruction is defective for the further reason that it set out that appellant promised and agreed to furnish said blanks through its agent and failed to do so, and that appellee relied upon these promises and on such account such provision of the policy was waived. There is utterly no proof in the record to justify the jury finding any such fact from the testimony and the instruction was therefore erroneous.

*W. I. Munn,* for appellee.

The sole question presented in this case is whether or not under the testimony the insurance company waived the stipulations in the policy in regard to the proof of loss, and if the appellee, the insured, was led to believe by the insurer that he had done all that was necessary for him to do in order to get his money. This question was one of fact; and, therefore, this court will not disturb the finding of the lower court. It follows from the testimony that if the jury believed the testimony of the appellee and that of his wife, Minnie McMullen, the jury was warranted in finding that the insurance company had waived that provision of the policy touching the proof of loss, and that the acts and conduct of the agent of appellant were such as to lead the appellee to believe that he had done, and did do, everything required of him by the appellant in regard to making the proof of loss. *New Orleans Ins. Ass'n* v. *Matthews,* 65 Miss. 301, well supports our contention. The United States supreme court holds the same doctrine in *Thompson* v. *Phoenix Ins. Co. of Brooklyn,* 34 L. Ed. 408, 136 U. S. 287. The case at bar should be affirmed.

*Watkins, Watkins & Eager,* for appellant, in response to request of the court.

The request of the court was as follows: What application, if any, has section 2593, Code of 1906 (section 5057, Hemingway's Code) to this case?

*Notice not having been received by the company as to appellee's fire, no duty devolved upon it to furnish to the insured proof of loss blanks.* See section 2593, Code of 1906 (section 5057, Hemingway's Code). By reference to the contract of insurance it is seen that it provides: "If fire occur, the insured shall give notice of any loss thereby in writing to this company . . ." The statute requires notice of such loss from the assured to the company. The policy provides the form of this notice; to-wit: notice in writing. The only notice of any loss in this case was the notice to the agent Graham. Mere knowledge to any agent is not notice to the company so as to dispense with notice of loss. *Utica Sanitary Milk Co.* v. *Casualty Co.,* 210 N. Y. 399, 104 N. E. 918; *American Acc. Co.* v. *Card,* 713 Ohio Cir. Ct. 154, 7 Cir. Dec. 504; *Interstate Fire Ins. Co.* v. *Nelson,* 105 Miss. 448; Cooley on Law of Insurance, secs. 2796, 2797 and cases there cited.

Some courts have gone so far as to say that one applying for fire insurance through a soliciting agent is bound to ascertain the scope of his authority. *Sun Fire Ins. Office* v. *Wich,* 39 Pac. (Colo.) 587.

Notice of loss is separate and distinct from proofs of loss, and it is essential to a recovery that notice of loss be made to the company through some general representative, not a mere soliciting agent or a passing special agent who has not the matter in hand. *Citizen Mut. Fire Ins. Co.* v. *Conowingo Bridge Co.,* 113 Md. 430, 77 Atl. 378; *Watertown Fire Ins. Co.* v. *Grover, etc., Sewing Machine Co.,* 41 Mich. 131, 1 N. W. 961, 32 Am. Rep. 149; *Cargill* v. *Millers, etc., Ins. Co.,* 33 Minn. 90, 22 N. W. 6. And formal notice of loss is essential, although

the company has actual notice thereof. *Continental Ins. Co.* v. *Parkes,* 142 Ala. 650, 39 So. 204; *California Savings Bank* v. *Am. Surety Co.,* 87 Fed. 118. However, this court has passed upon this proposition itself in the recent case of *Mass. Protective Ass'n* v. *Cranford,* 102 So. 172.

In the case at bar, there is absolutely no evidence that any notice of the loss was ever received by the company or an agent with authority to receive notice of loss on behalf of the company. Nor is there any evidence of any written notice of loss whatsoever. 33 C. J., par. 6, discusses the question as to whom and through whom notice of loss must be given. Such an agent as McKnight has no power to delegate his authority. *Albers* v. *Phoenix Ins. Co.,* 68 Mo. App. 543; *McCollum* v. *North British & Mercantile Ins. Co.,* 65 Mo. App. 304; *Murphy* v. *Royal Ins. Co. of Liverpool,* 29 So. (Ala.) 143; *Western Union Tel. Co.* v. *Lambert* (1906), 106 So. 819.

We wish to make clear to the court the distinction with reference to the question of notice of loss and waiver thereof by a soliciting agent, a general agent, an adjuster, and a special agent. As this court has itself held and as cited hereinbefore, the soliciting agent is without authority to bind the company in this respect, either by receiving notice of loss or by his knowledge thereof, and actions in the premises waiving the same. A general agent, that is an agent employed to make contracts of insurance, etc., without reference back to the company can, of course, receive the notice and under proper circumstances commit a waiver binding upon the company. An adjuster can also both receive the notice of loss and under proper circumstances waive such notice and bind the company, but only if it is in respect to a particular loss which has been intrusted to his care and investigation by the company. In other words, the adjuster when authorized to act in respect to a loss by the company stands in the shoes of the company. *McPike* v. *Western Assurance Co.,* 61 Miss. 38. A special agent, as the name im-

plies, is a representative of the company of special or limited authority, and he is without authority to bind the company except when acting pursuant to his instructions. He cannot so much as countersign a policy of insurance issued by the company, much less bind the company by a contract of insurance issued by him. Representations by special agents of a fire insurance company, sent to determine the amount of a loss, that the company did not require a signed and sworn statement of loss, etc., are not binding on it, without specific ratification by the company. *Rockwell* v. *Hamburg-Bremen Fire Ins. Co.,* 212 Mass. 318, 98 N. E. 1086.

*W. I. Munn,* for appellee, in reply to request of the court.

Section 5057, Hemingway's Code, is reasonable and is for the protection of policyholders and makes it necessary for the insurance company to furnish the necessary blanks for proof of loss after notice of the fire; and on failure to furnish the blanks, the insurance company waives that provision in the policy in regard to proof of loss; and the insurance company must instruct and inform the assured as to how to make the proof of loss.

All insurance companies are invited to do business in Mississippi provided they comply with the law as provided under section 5057 and other sections of the code.

In *McPike* v. *Western Assurance Co.,* 61 Miss. 37, this court said among other things: "A condition in a policy of fire insurance as to making proof of loss as soon after the loss as possible, means within a reasonable time . . . A condition in a policy of fire insurance as to making proof of loss is for the insurer's benefit, and may be waived expressly or by implication." See, also, *New Orleans Ins. Ass'n* v. *Matthews,* 65 Miss. 301, 4 So. 62; *Phoenix Ins. Co.* v. *Bowdre,* 77 Miss. 620, 7 So. 596; *London Guarantee & Accident Co.* v. *Miss. R. R. Co.,* 97 Miss. 165, 52 So. 787.

Section 5057 applies to this case and should be invoked against the appellant and in favor of the appellee.

Argued orally by *P. H. Eager;* for appellant, and *W. I. Munn,* for appellee.

ANDERSON, J., delivered the opinion of the court.

Appellee, F. T. McMullen, brought this action in the circuit court of Newton county, against appellant, Newark Fire Insurance Company, on a fire insurance policy issued by the latter to the former, to recover the sum of one thousand dollars, the alleged loss suffered by appellee in the destruction of his residence covered by such policy, by fire, and recovered a judgment in the sum of one thousand dollars, from which appellant prosecutes this appeal.

The trial was had on the pleadings and evidence, resulting in a verdict and judgment for appellee for the amount sued for. The question principally argued, and the only one we deem of sufficient importance to discuss, is whether appellee was barred from recovery under the policy of insurance because he failed either to give notice of the loss or make proof thereof as required by the provisions of the policy. The policy provided, in substance, that, in case of damage or destruction of the property insured by fire, appellee should give immediate notice thereof to appellant, in writing, and within sixty days after the loss, unless the time was extended, in writing, make proof thereof, in writing, signed and sworn to by appellee. The evidence shows, without conflict, that appellee neither gave notice in writing of the loss, nor made proof thereof as required by the policy. The question is whether or not those provisions of the policy were waived by appellant. If appellant waived the notice of loss provided for by the policy, it also waived proof of loss as therein provided, in failing to comply with section 2593, Code of 1906 (Section 5057, Hemingway's Code), which

provides that, in case of destruction or damage of proper-
ty by fire, where the same is insured against fire, it shall
be the duty of the insurance company liable for such loss,
within a reasonable time after receiving notice thereof,
to furnish to the insured proper blanks upon which to
make the required proof of such loss, with full directions
as to what proof is required to secure the payment of
the policy, and, if the insurance company fails to do so,
then the failure of the insured to make proper proof of
loss prior to suit shall be no defense to the action. It
is undisputed in the evidence that appellant failed to
send appellee proof of loss blanks with instructions.
Therefore the question resolves itself into whether there
was sufficient evidence to go to the jury on the issue of
waiver of the notice of loss prescribed by the policy.

The evidence bearing on that question tended to es-
tablish the following facts: That J. D. McKnight was the
agent of appellant in this state; that he had authority to
inspect risks and adjust losses; that appellant, with
knowledge of the particular loss here involved, secured
the services of an adjustment company in New Orleans
to adjust the loss; that McKnight also had notice of the
loss, having been informed thereof verbally by appellee
and by Graham, the local soliciting agent of appellant;
that McKnight, acting for appellant, informed appellee
that the adjustment of the loss had been referred to an
adjustment agency in New Orleans, which agency, in a
short time, would have a representative on the ground
to make the adjustment; that McKnight, representing
appellant, stated to appellee that appellant's local so-
liciting agent, Graham, would furnish appellee with
blanks on which to make proof of the loss, and give him
the necessary instructions for that purpose. The rec-
ord in the case also shows that the rule was invoked dur-
ing the trial, and that McKnight remained in the court-
room. At the close of appellee's evidence appellant of-
fered McKnight as a witness, to which appellee objected
because McKnight had not been under the rule with the

other witnesses. In response to that objection, appellant's attorney stated to the court that the rule did not apply to McKnight; that he was the company itself; that he was the defendant in the case—whereupon the court permitted McKnight to go upon the witness stand. It is true that in his testimony McKnight claimed that he was only a special agent of appellant, and had no authority to waive the stipulations in the policy with reference to notice and proof of loss; but we think the evidence was sufficient to go to the jury on that question.

Where the insurance company receives an informal notice of the loss, one not provided for by the policy, and by reason of such notice sends out an agent to adjust the loss, and also through its authorized agent informs the insured of the coming of the adjusting agent, and that still another agent, the local soliciting agent of the company, will furnish the necessary blanks on which to make proof of the loss, there is a waiver of the requirement of the policy that immediate notice of loss, in writing, shall be given the company, and the company, is thereby estopped to set up that as a defense. 37 C. J., p. 30, section 690, and note; *Massachusetts Protective Association* v. *Cranford,* 102 So. 171, 137 Miss. 876. The purpose of a stipulation of this character is to enable the company to properly take steps to investigate the loss with a view of protecting its interest. If that exact end is accomplished by a method not provided for in the policy, the company is not prejudiced by a failure to follow the exact method prescribed in the policy. In other words, if the company acts on such notice, if it takes the same action that it would have taken if the policy had been complied with in the giving of the notice, and by such action the insured is led to believe no further or different notice will be required, we think the company is estopped to defend on the ground that the proper notice was not given. When McKnight told appellee that appellant knew of the loss and had arranged with an adjustment agency in New Orleans to adjust the loss, and that appellant's

local agent, Graham, would furnish the necessary blanks for making proof, appellee had a right to take no further action until such blanks were furnished him; he had the right to believe that no further notice of loss would be expected or required by the company. It follows from these views that the trial court committed no error in refusing to direct a verdict for appellant.

*Affirmed.*